## LANSING'S APPEAL.

### APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard November 16, 1859.]          [Decided December 14, 1859.

*Referees—Mortgage—Appeal—Arbitration.*

Where a referee, appointed by the circuit court, to make sale of mortgaged premises, &c., performed the services, and presented his bill of fees, and upon a disagreement with him and the counsel of the party from whom he claimed, it was stipulated to submit the question of disagreement to the circuit judge, who decided that the amount charged was too large, and gave the referee a smaller sum, from which the referee appealed to this court; *held*, that the decision was not an appealable order; and the appeal must be dismissed.

Where parties submit a matter in dispute to the *circuit judge* for his decision, the judge in such case acts only as an arbitrator; and although the decision will bind the parties to it, yet it cannot be reviewed on appeal or writ of error any more than the decision of any private individual, to whom the same matter had been submitted.

A judgment of foreclosure had been rendered by the Dane circuit county, in favor of Marshall against Lawrence, and it was referred to R. W. Lansing, to make sale of the mortgaged premises, and to report the same to the court. After the making of the sale, Lansing presented his bill for $20, which he claimed as his fee. This amount was disputed by the counsel for Marshall, and it was agreed to submit the

matter to the circuit judge for his decision of the amount legally due, who taxed the amount at $3,00, the fee for one day's services. From that decision this appeal is taken.

*R. W. Lansing and A. L. Collins,* for the appellant.

*Smith & Keyes,* for the respondent.

*By the Court,* PAINE, J.   The counsel for the respondent claim that this appeal should be dismissed for want of jurisdiction, though. no motion was directly made for that purpose, and we think it must be dismissed. The order is not appealable. The orders referred to in section 239 of the code, and which may be brought by appeal to this court, are such as are made in a suit, or special proceeding authorized by statute. This is not such an order. There was no suit between Lansing & Marshall. It was not made in any statutory proceeding to which they were parties. On the contrary, the whole question of dispute was as to the amount of Lansing's fees, as referee for selling certain mortgaged premises. Lansing might have instituted a suit to try the question had he seen fit, or he could have proceeded under sec. 9, chap. 140, R. S., 1858, and had judgment entered, and then it could have been brought here. But instead of that he submitted it by agreement with the counsel for Marshall, to the decision of the circuit judge, who, on such submission, could act only in the character of arbitrator. Having done so, he is bound by that decision. It cannot be reviewed here, any more than could the decision of any private individual to whom it had been submitted in the same way. Under the old system no writ of error would lie upon a judgment rendered by a court in a case submitted to it by agreement. *Alfred vs. Saco,* 7 Mass., 380; *Carroll et al. vs. Richardson,* 9 id., 315; *Bacon vs. Ward,* 10 id., 146, note *a*; *Wellington vs. Stratton,* 11 id., 393;

and *Johnson vs. Shed*, 21 Pick., 227 ; *Harrington vs. Harrington*, 15 Geo., 561; U. S. An. Dig., 1855, p. 134, § 16.

In the case of *Wellington vs. Stratton,* the court says: " The principle established is, that when the parties have agreed that a certain judgment shall be rendered for either of them, according to the opinion of the judges on a case stated, the court of errors cannot rescind that agreement, and enter a different judgment. It is the same in principle as if they had agreed that judgment should he entered according to the opinion of any other individuals, or that it should depend on any other collateral event. When the opinion is given, or the other event happens, and the judgment is entered accordingly, it is so entered by the consent and agreement of the parties, in like manner, as if they had in any other mode ascertained what was right and just between them, and had afterwards come into court and consented to a judgment accordingly." This goes much farther than it is necessary to go in this case. For there was a suit, and a judgment actually rendered. But here is no suit, no judgment, no order in any suit, or judicial proceeding. It seems to be no more than the opinion of the circuit judge upon a question voluntarily submitted to his decision ; and we cannot review it.

The appeal is dismissed.

DIXON, C. J., took no part in the decision of this case, as the same was tried before him at the circuit.